USCA1 Opinion

 

 August 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1090 RICHARD I. BARBER, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ___________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ___________________ Richard I. Barber on brief pro se. _________________ A. John Pappalardo, United States Attorney, and Kevin ____________________ _____ O'Regan, Assistant United State Attorney, on brief for appellee. _______ __________________ __________________ Per Curiam. This is an appeal from the district __________ court's denial of appellant's motion under 28 U.S.C. 2255 for post-conviction relief. We affirm. I. Background __________ On January 18, 1991, appellant-defendant Richard I. Barber pleaded guilty to the sexual exploitation of a child in violation of 18 U.S.C. 2251(a). The underlying facts are uncontested. On August 7, 1990, Postal Inspector Terrence A. Loftus was informed that a commercial photography lab in Virginia had developed pornographic photographs of a child. The film bore a return address of Barber Publications, P.O. Box 892 in North Adams, Massachusetts. Appellant retrieved the film at the post office in North Adams on August 9, 1990. Inspector Loftus followed appellant home and arrested him. During a subsequent search of appellant's home, Loftus discovered the child depicted in the photographs. She indicated that she was eleven years old and had been living with appellant. Inspector Loftus instructed appellant to appear in court in Springfield, Massachusetts on August 10, 1990. He failed to appear and was arrested almost two weeks later in Connecticut. On October 2, 1990, appellant was indicted on one federal charge of the sexual exploitation of a child. He originally pleaded not guilty, but offered a change of plea -2- on January 18, 1991.1 Appellant was represented by counsel at his change of plea hearing and at his sentencing hearing. The plea agreement provided that in return for appellant's guilty plea, the government would recommend a sentence at the lower end of the sentencing guidelines range. The pre- sentence report ["PSR"] identified the applicable base offense level ["BOL"] as 25, pursuant to 2G2.1 of the Guidelines. The PSR recommended that the BOL be increased by 2 levels because the victim was under 12 years of age, pursuant to 2G2.1(b)(1). It further increased the BOL by 2 levels because appellant had abused a position of public and private trust, and by 2 levels for his obstruction of justice by failing to appear in court as instructed at the time of his arrest and fleeing to Connecticut. Finally, the PSR recommended a 2 level reduction for appellant's acceptance of responsibility, resulting in a total offense level of 29. Applying a criminal history category of I, the PSR arrived at an applicable guideline sentencing range of 87 to 108 months. At the sentencing hearing on March 15, 1991, the government recommended a sentence of 87 months and three years of supervised release. The district court, in consideration of the severe circumstances and the hardship to the child, ____________________ 1. In addition to the federal charge, appellant also pleaded guilty to state charges of non-forcible rape of a child, child pornography, indecent assault and battery on a child under 14 and unnatural and lascivious acts. -3- imposed a sentence of 108 months, plus three years' supervised release. Appellant filed a motion for resentencing on the grounds that the district court failed to ask him if he had read the PSR before sentencing and if he had any objections thereto. The district court denied the motion. Appellant then filed a motion under 28 U.S.C. 2255 for post-conviction relief on the following grounds: 1) the court lacked jurisdiction because appellant did not intend the film to be placed in interstate commerce; 2) appellant was coerced into consenting to a search of his home in violation of the Fourth Amendment; 3) appellant received ineffective assistance of counsel at the pretrial and sentencing phases of the case; and 4) the court violated Fed. R. Crim. P. 11. The district court denied the motion. On appeal, appellant re-asserts his jurisdictional, ineffective assistance of counsel, and Rule 11 arguments. We reject each argument in turn. II. Jurisdiction ____________ Appellant argues that 18 U.S.C. 2251(a) requires, as an element of the offense, intent that the visual depictions at issue be transported in interstate commerce. He alleges that he mailed the film to an address in Massachusetts and did not know or intend that it would be transported in interstate commerce. The language of the statute, however, clearly does not require intent with respect to the requirement that the film be transported in -4- interstate commerce or mailed. Section 2251 provides, in relevant part, as follows: Any person who . . . uses . . . any minor to engage in, with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual ___________________ depiction has actually been transported _________________________________________ in interstate or foreign commerce or _________________________________________ mailed. _______ Appellant does not deny that the pictures were actually mailed and transported in interstate commerce. Therefore, appellant's offense is clearly punishable under 2251 and the district court did not err in rejecting appellant's argument that jurisdiction was lacking.2 III. Ineffective Assistance of Counsel _________________________________ Appellant argues that representation was inadequate in three respects, asserting that: 1) counsel failed to determine whether 2251(a) was applicable to his offense, resulting in a denial of due process; 2) counsel failed to object to the trial court's alleged failure to comply with the requirements of Fed. R. Crim. P. 11 in accepting appellant's change of plea; and 3) counsel failed to object ____________________ 2. Appellant suggests that a requirement of scienter with respect to the mailing or interstate commerce element of the offense is constitutionally required. We reject that argument. See United States v. Esch, 832 F.2d 531, 536 (10th ___ _____________ ____ Cir. 1987) (fact that 2251 does not require intent regarding the mailing element does not render statute unconstitutional), cert. denied, 485 U.S. 908 (1988). ____ ______ -5- to the court's application of the sentencing guidelines in imposing appellant's sentence. In Hill v. Lockhart, 474 U.S. 52, 57 (1985), the ____ ________ Court held that the two-part test adopted in Strickland v. __________ Washington, 466 U.S. 668 (1984), also applied to ineffective __________ assistance claims arising out of the plea process. As applied to such claims, Strickland requires appellant to __________ show, first, that counsel failed to provide assistance "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 ______ __________ (1970) (quoted in Hill v. Lockhart, 474 U.S. at 56). Second, ____ ________ to satisfy the prejudice requirement, appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. ____ ________ at 59. A. Application of 2251 _____________________ Appellant first argues that his counsel was remiss in failing to advise him that his conduct did not fall within the charge. Since we find appellant's actions to be well within the scope of 2251 this argument fails. Appellant seems to contend - although his brief on appeal is unclear - that he was not properly charged with violating 2251 because he did not "exploit" a child, he lacked the requisite mens rea, the photographs were not pornographic, and he did not intend the photographs to be -6- reproduced or sold. Therefore, he asserts that he was not involved in the production and trade of commercial pornography that the statute was intended to curb. Appellant was charged with using a minor to engage in sexually explicit conduct for the purpose of producing photographs of such conduct, which photographs were transported in interstate commerce and mailed. Appellant's conduct, as described by the government at the change of plea hearing and uncontested by appellant, clearly fell within this charge. See Rodriguez v. Clark Color Laboratories, 921 ___ _________ ________________________ F.2d 347, 349 (1st Cir. 1990) ("The language of Sections 2251 and 2252 has been held to be clear and unambiguous.") The district court viewed the photographs at the hearing and determined that they were pornographic. Contrary to appellant's argument, 2251(a) does not require that a defendant intend the photographs to be reproduced or sold. It is sufficient that the defendant intend to use a minor to engage in sexually explicit conduct for the purpose of producing photographs. See United States v. Esch, 832 F.2d ___ _____________ ____ 531, 536 (10th Cir. 1987) (18 U.S.C. 2251(a) contains a scienter requirement in that it requires proof that defendant used a minor to engage in sexual conduct "for the purpose of" producing a picture of such conduct), cert. denied. 485 U.S. ____ ______ 908 (1988). Since appellant does not dispute that he had such an intent his activities were properly found to be within the statute's scope. -7- B. Application of Rule 11 ______________________ Appellant's second argument supporting his ineffective assistance claim concerns his attorney's failure to object that the district court did not comply with several subsections of Fed. R. Crim. P. 11 at his change of plea hearing. Since we find that the district court fully complied with the requirements of Rule 11, this argument also fails. We address each alleged violation separately. 1. Rule 11(f) __________ Appellant complains that the district court failed to make "such inquiry as shall satisfy it that there is a factual basis for the plea," as required by Rule 11(f). To determine the plea's factual basis, the court asked appellant himself whether he did the acts charged in the indictment. Appellant responded in the affirmative. The court further asked the government to present the evidence it would have offered against the defendant had the case gone to trial. Finally, the court viewed the photographs at issue and determined that they were pornographic. The court thus fully complied with Rule 11(f). 2. Rule 11(c)(1) _____________ Next, appellant argues that the district court failed to inform him of "the nature of the charge to which the plea is offered" and the "maximum possible penalty provided by law, including the effect of any special parole -8- or supervised release term," as required by Rule 11(c)(1). The court informed appellant of the nature of the charge to which the plea was offered by reading the one-count indictment at the change of plea hearing. Appellant told the court, in response to questioning, that he had been advised by his attorney of the nature of the charges against him and the maximum penalty provided by law. The court also informed appellant of the maximum penalty provided by law. The court did not inform appellant of "the effect of any special parole or supervised release term," Fed. R. Crim. P. 11(c)(1), in other words, that a supervised release term not exceeding three years could be imposed. However, appellant has failed to allege prejudice, that is, that he would not have pleaded guilty if he had been informed of the supervised release term. Therefore, counsel's failure to object that the court had not complied with Rule 11(c)(1) did not constitute ineffective assistance of counsel. 3. Rule 11(e)(4) _____________ Appellant also argues that the district court failed to comply with Rule 11(e)(4). The rule requiresthat - where the court rejects a plea agreement - the defendant must be given an opportunity to withdraw his guilty plea. That requirement did not come into play here because the court did not reject the plea agreement. The court did reject the government's recommendation that appellant be ______________ sentenced at the low end of the guideline range. However, -9- the court's failure to follow the government's recommendation is not the same as its rejection of the agreement. "[O]ur cases clearly bar any relief merely because a judge refuses to accept the sentence recommendations of a prosecutor, so long as the defendant has not been misled." United States v. _____________ Valencia-Copete, 792 F.2d 4, 7 (1st Cir. 1986). The plea _______________ agreement specifically noted in paragraph 3 that "the sentence imposed may be less severe or more severe than that recommended by the United States Attorney's Office, and . . . Mr. Barber may not withdraw his plea solely as a result of the sentence imposed." Thus, the court did not violate Rule 11(e)(4). 4. Rule 11(d) __________ Finally, appellant complains that the district court failed to comply with its obligation to determine that the plea was voluntary pursuant to Rule 11(d). At the change of plea hearing, the court asked appellant a series of questions to determine that the plea did not result from threats or promises of leniency, that no specific sentence had been promised and that appellant was not on medication and had not been under psychiatric care. Appellant told the court that his plea of guilty was "entirely free and voluntary." C. Application of Sentencing Guidelines ____________________________________ Appellant's final argument in support of his ineffective assistance of counsel claim is that his attorney -10- erred in failing to object to the application of the sentencing guidelines. Appellant contends that the court, in sentencing him, erroneously applied the 1990 Guidelines, in effect at the time of his sentencing (March, 1991), rather than the 1989 Guidelines, in effect at the time of his offense (August, 1990).3 He further argues that the court applied the wrong BOL. Ordinarily, the version of the sentencing guidelines in effect at the time of sentencing controls. However, "where the application of the Guidelines in effect at the time of sentencing raises an ex post facto concern, . __ ____ _____ . . the court applies the version in effect at the time of the crime's commission." United States v. Cousens, 942 F.2d _____________ _______ 800, 801 n.1 (1st Cir. 1991). The application of the Guidelines raises an ex post facto concern where the __ ____ _____ Guidelines have changed in a way that disadvantages the defendant. See Miller v. Florida, 482 U.S. 423, 430 (1987). ___ ______ _______ The change that appellant complains of in this case is not to the language of the relevant Guideline section, but to the commentary to that section. The section of the Guidelines at issue is 3C1.1, which was applied to increase appellant's offense level by two levels for "willfully obstructing or impeding proceedings." Section 3C1.1 itself is identical in the 1989 Guidelines in effect at the time of ____________________ 3. The PSR specifically noted that it applied the 1989 Guidelines because they resulted in a lower guideline sentencing range than the 1990 Guidelines. -11- the offense and the 1990 Guidelines in effect at the time of sentencing. The application notes to that section, however, are slightly different. The PSR, in recommending the increase, specifically referred to application note 3(e) of the 1990 Guidelines, which lists "escaping or attempting to escape from custody before trial or sentencing, or willfully failing to appear, as ordered, for a judicial proceeding" as an example of the type of conduct to which the section applies. That specific example is not listed in the 1989 version of the Guidelines in effect at the time that the offense was committed. We have held, however, that "flight after arrest constituted an obstruction of justice under the 1989 version of the Guidelines." United States v. McCarthy, _____________ ________ 961 F.2d 972, 980 (1st Cir. 1992). Therefore, there was no error in the court's two-level upward adjustment of the offense level under 3C1.1. Appellant also argues that his attorney's failure to object that the wrong BOL was applied in calculating his guideline sentencing range constitutes ineffective assistance of counsel. A BOL of 25 was used to calculate appellant's guideline sentencing range. That BOL was dictated by 2G2.1, which applies a BOL of 25 to the offense of "sexually exploiting a minor by production of sexually explicit visual or printed material." The Guideline section specifically refers to violations of 18 U.S.C. 2251(a) as within its -12- ambit. Appellant argues that a BOL of 13, pursuant to 2G2.2, ought to have been applied. Appellant's only ground for arguing that 2G2.1 was erroneously applied is that the commentary to 2G2.1 in the 1989 Guidelines provided that "[t]his offense commonly involves the production source of a child pornography enterprise." Appellant argues that because he was not involved in a child pornography enterprise, 2G2.1 was inapplicable. We disagree. The commentary to the 1989 Guidelines explains that it is the exploitation of a minor, rather than the involvement in a child pornography enterprise, that justifies the higher BOL under 2G2.1 than under 2G2.2, which imposes a BOL of 13 for the distribution of sexually explicit material after production.4 Given that the offense charged involved the exploitation of a minor, and not merely the transportation of the photographs, the district court did not err in applying 2G2.1 to arrive at appellant's BOL of 25. Therefore, appellant's attorney did ____________________ 4. The commentary reads as follows: This offense commonly involves the production source of a child pornography enterprise. Because the offense directly involves the exploitation of minors, the base offense level is higher than for the distribution of the sexually explicit material after production. An enhancement is provided when the conduct involves the exploitation of a minor under age twelve to reflect the more serious nature of exploiting young children. U.S.S.G. 2G2.1, commentary (1989). -13- not provide ineffective assistance by failing to object to that application of the guidelines. IV. Violation of Rule 11 ____________________ For the reasons explained above in connection with appellant's claim that his attorney was remiss in failing to object that the court had not complied with Fed. R. Crim. P. 11, we conclude that appellant's claim that the district court violated Rule 11 is without merit. To justify habeas relief, a violation of Rule 11 must result in a "complete miscarriage of justice" or in a proceeding "inconsistent with rudimentary demands of fair procedure." United States v. ______________ Timmreck, 441 U.S. 780, 784 (1979). The court's failure to ________ comply with the technical requirement that appellant be informed of the supervised release term did not entitle him to habeas relief. See id. (holding that 2255 petitioner ___ __ not entitled to relief where district court failed to describe the mandatory special parole term required by statute). V. Conclusion __________ We need go no further. For the foregoing reasons, we affirm the district court's dismissal of appellant's 2255 petition. -14-